# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JANE DOE, Individually, and on behalf of all others similarly situated,    ) <br><br>    ) <br> Plaintiff,    ) <br><br>    ) <br> v.    ) <br><br>    ) <br> FORT SANDERS REGIONAL MEDICAL    ) <br> CENTER and COVENANT HEALTH, INC.    ) <br><br>    ) <br> Defendants.    ) | Case No. 3:24-cv-00082 |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Jane Doe, and Defendants Fort Sanders Regional Medical Center and Covenant Health, Inc. (hereinafter "Defendants") (collectively, the "Parties"), agree that the proceedings in the above-referenced matter may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, protected health information, documents and other materials;

WHEREAS, the Parties agree that such "Confidential" or "Highly Confidential" information should only be disclosed pursuant to the terms of this Stipulated Protective Order ("Order"); and

WHEREAS, the Parties agree that the confidential nature of certain information, particularly material that may contain personally identifiable information and protected health information, establishes good cause for the issuance of this Stipulated Protective Order.

THEREFORE, the Parties seek entry of an Order, governing the disclosure of documents and information therein designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" on the terms set forth herein, as well as an Order, governing the return of privileged

information, documents, and data and affording the Parties certain protections on the terms set forth herein.

Accordingly, it is ORDERED:

1.      The below terms, as used herein, shall be defined as follows:

      a.      "Action" shall refer to the above-captioned action.

      b.      "Confidential Information" shall mean information that a Designating Party identifies as "Confidential." Information meeting the following criteria may be designated as "Confidential" (unless the parties expressly agree otherwise): Information (regardless of how generated, stored, or maintained) that the Designating Party reasonably in good faith believes the disclosure of such information which may have the effect of causing harm to any Party, or person from whom the information was obtained, or to the Parties' or third-parties' legitimate privacy interests; or contains information over which the Designating Party has a duty or obligation to maintain confidentiality.

      c.      "Designating Party" shall mean the Party or Non-Party that designates information produced in this Action as "Confidential" or "Highly Confidential – Attorneys Eyes Only."

      d.      "Expert" shall mean any individual with specialized knowledge or expertise who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action.

      e.      "Highly Confidential Information – Attorneys Eyes Only" shall mean information that a Designating Party identifies as "Highly Confidential – Attorneys Eyes Only." Information meeting the following criteria may be designated as "Highly Confidential – Attorneys Eyes Only" (unless the parties expressly agree otherwise): (1)

sensitive cybersecurity information relating to information systems, (2) Protected Health Information, provided, however that designation by a party of a document or information as "Highly Confidential – Attorneys' Eyes Only" does not mean that the party agrees or concedes that the information or document meets the definition of PHI under HIPAA or constitutes an admission of such; (3) portions of transcripts of testimony as set forth in this protective order that contain information in this paragraph, and (4) any other protected information the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes may cause harm.

f.      "Personal identifying information" or "PII" includes, for purposes of this confidentiality stipulation, every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

g.      "Privileged Material" means material protected by the attorney-client privilege or the attorney work product doctrine, or otherwise privileged or protected under applicable law.

h.      "Protected Health Information" or "PHI" shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103.

i.      "Producing Party" shall mean a Party or Non-Party that produces information in the Action.

j.      "Protected Material" shall refer to any information designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" pursuant to this Order.

k.      "Receiving Party" shall mean a Party that receives information from a Producing Party in the Action.

l.      "Vendors" shall refer to individuals or entities engaged for the purpose of providing litigation support services (e.g., ESI or e-discovery vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters), as well as their employees, independent contractors, and subcontractors.

2.      In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), *see* Pub. L. 104-191, 110 Stat. 1936, specifically 45 C.F.R. § 164.512(e)(1)(ii)(B) and 164.512(e)(1)(v), the Court hereby: institutes this Protective Order as a HIPAA Qualified Protective Order as that term is defined in these statutes and regulations. Notwithstanding any other provisions of this Protective Order, a party or counsel for a party that receives PHI is prohibited from using or disclosing any PHI (including any information derived from PHI data, aggregated PHI and/or de-identified PHI) for any purpose other than this litigation; and shall either return the PHI to the party or non-party that provided them or destroy the PHI at the end of this litigation. Notwithstanding any other provisions of this Protective Order, all attorneys for the Parties shall fully comply with the provisions of HIPAA as amended, including the Standards for Privacy of Individually Identifiable Health Information located at Title 45, Code of Federal Regulations Part 160 and Subparts A and E of Part 164.

3. The protections conferred by this Order cover not only Protected Material but also any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material. Nothing in this Order shall be interpreted to require disclosure of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The Parties do not waive any objections as to the production, discoverability, authenticity, admissibility, or confidentiality of any particular documents or Electronically Stored Information ("ESI").

4. Except as otherwise provided in this Order, all information, documents, and data to be designated as Protected Material should be clearly designated as such prior to any disclosure of same. Nothing herein shall preclude a Party from designating a document or other information as CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY after its initial production by providing an updated version bearing a confidentiality stamp. Designations shall be made in the following manner:

a. Protected Material produced in documents shall be marked with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" on each page that contains Protected Material if feasible. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be specified. Documents produced in native formats will have Confidentiality Designations indicated in the production file name and on the slipsheet. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

b.      Protected Material disclosed in testimony (in depositions, pre-trial proceedings, or trial proceedings) shall be designated as Protected Material either during the testimony or by written notice to Counsel within twenty (20) days of receiving the transcript of the proceedings (or in such other time period as the Parties shall mutually agree is appropriate). Notice after the testimony must specifically designate the portion(s) of the testimony that are to be designated as Protected Material and the level of protection asserted for each such portion must be specified. All transcripts of any testimony in this Action shall be designated as "HIGHLY CONFIDENTIAL" until twenty (20) days have passed following the receipt of the transcript, or the Parties agree to a different time period. Nothing herein shall preclude a Party from designating testimony as CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY after the 20 (twenty) day period by providing an updated version bearing a confidentiality stamp.

c.      Protected Material disclosed in any form other than a document or testimony must be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," as appropriate, in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level.

d.      If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, that Designating Party shall make all reasonable efforts to subsequently timely designate the Protected Material and to identify the specific portion of the information, documents, or data disclosed to be designated as Protected Material and the level of protection to be accorded same. Upon

notification, the Receiving Party shall treat any additional material designated as Protected Material in accordance with the provisions of this Order from that point forward.

5.      If the Receiving Party wants to challenge either the designation of information, documents, testimony, or data as Protected Material, it must first notify the Designating Party in writing of both the specific Protected Material challenged and the reason for the challenge. The Parties shall make reasonable efforts to resolve the dispute over the designation of the information, documents, testimony, or data as Protected Material. If the dispute cannot be resolved between the Parties, the Designating Party must promptly notify the Receiving Party in writing that it has not changed its position on the Protected Material. The Receiving Party may then seek relief from this Court, though the burden of proving confidentiality of designated information remains with the party asserting such confidentiality (i.e., the Designating Party). While any dispute over classification is ongoing, the information, document, testimony, or data at issue shall be treated in accordance with the protection level identified by the Designating Party.

6.      The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material.

7.      The Receiving Party may only use Protected Material for the purpose of prosecuting, defending, or attempting to resolve the Action and the Protected Material may only be disclosed in the manner and to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation.

        a.      Protected Material that is designated as "CONFIDENTIAL" may be disclosed to:

i.     the Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii.     (a) the Defendants, including officers, directors, and employees (including Defendants' in house attorneys ("In House Counsel")) of Defendants to whom disclosure is reasonably necessary for this litigation; (b) the named Plaintiff;

iii.     experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv.     the court and its personnel, and court reporters and their staff;

v.     professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vi.     professional Vendors to whom disclosure is reasonably necessary for this litigation;

vii.     a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action. All such staff shall be subject to the provisions of this Order.

viii.     a mediator jointly retained by the parties and the mediator's personnel.

ix.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably knew the Protected Material.

x.  Witnesses providing testimony in either a deposition, hearing, trial, or other proceeding where a party deems it reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material. Any witness who is not otherwise subject to the terms of this Order shall be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A). If the witness refuses to sign, the parties will meet and confer to attempt to reach a resolution.

xi.  Such other persons as the Parties mutually agree in writing may be shown the Protected Material. All such persons shall be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

b.  All disclosures of Protected Material marked "HIGHLY CONFIDENTIAL" are to be limited. Unless otherwise ordered by the court or permitted in writing, a Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

i.  the Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

ii. (a) the Defendants' In-House Counsel to whom disclosure is reasonably necessary for this litigation;

iii. experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv. the court and its personnel, and court reporters and their staff;

v. professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vi. professional Vendors, such as litigation support and copy vendors, to whom disclosure is reasonably necessary for this litigation;

vii. a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action. All such staff shall be subject to the provisions of this Order.

viii. a mediator jointly retained by the parties and the mediator's personnel.

ix. the author or recipient of a document containing Protected Material.

8. If a Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" that Party must:

a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.        promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.        cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to whom the Protected Material was disclosed that the disclosure was not authorized and demand immediate return and/or destruction of any tangible Protected Material that was disclosed, and (d) require the person or entity to whom the Protected Material was disclosed to sign the Declaration attached as Exhibit A hereto.

10.     Filing Under Seal: The Parties must comply with L.R. 26.2 and this Court's standing orders regarding filing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under seal.

11.     Any privileged information, confidential information, or protected information of third parties, that is contained within information, documents, or data being disclosed in this Action shall be redacted to the extent practicable or as subject to the provisions concerning redactions in any Stipulated Protocol on the Discovery of Electronically Stored Information the Parties may enter into.

12.     With regard to the disclosure of Privileged Material:

a.     The disclosure or production of an attorney-client privileged or work-product-protected Hard Copy Document, ESI, or other privileged information, whether inadvertent, unintentional or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. Upon the request of the producing Party, the receiving Party will promptly destroy or return any attorney-client privileged or work product protected document or other privileged material and any copies thereof, and destroy all notes and other materials referring to the attorney-client privileged, work product protected or other privileged information. No such produced attorney-client privileged or work product protected document or information or other privileged material may be used in evidence against the producing Party. This non-waiver provision should be interpreted to provide the broadest privilege protection allowable under Federal Rule of Evidence 502(d). The Receiving Party reserves the right to challenge the designation of privileged documents, provided, however, the Receiving Party must still comply with this section, including promptly destroying or returning any documents

clawed back pursuant to this section, and will not access them for any reason upon receiving the notification of clawback.

13.     In the event the party who received CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTONREYS EYES ONLY documents experiences a data breach impacting those documents, it shall immediately notify the producing party of same and cooperate with the Producing Party to address and remedy the breach.

14.     Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

15.     Within sixty (60) days of the final termination of this Action (including the expiration of time for any appellate challenge thereto), the Receiving Party must either return all Protected Material to the Producing Party or securely destroy all Protected Material. The Receiving Party must certify in writing that the Protected Material was returned or securely destroyed and that no copies, nor any abstracts, compilations, summaries, or other forms of retaining the Protected Material are in the Receiving Party's possession.

16.     No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under the Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     Nothing herein shall be deemed to restrict in any manner the use by any Party of its own Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

18.      This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_

Debra C. Poplin
United States Magistrate Judge

Respectfully submitted by,

/s/J. Gerard Stranch, IV
J. Gerard Stranch, IV
Andrew E. Mize (*Pro Hac Vice* forthcoming)
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
(615) 255-5419 (facsimile)
gstranch@stranchlaw.com
amize@stranchlaw.com


Lynn A. Toops (No. 63337-43)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com


Samuel J. Strauss (*Pro Hac Vice* forthcoming)
Raina Borrelli (*Pro Hac Vice* forthcoming)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com


***Counsel for Plaintiff and the Proposed Class***

BROCK SHIPE KLENK

/s/Brian G. Cesaratto
W. Edward Shipe, Esq. (BPR #023887)
R. Cuyler Haskins, Esq. (BPR #035172)
265 Brookview Centre Way, Suite 604
Knoxville, Tennessee 37919
eshipe@bskplc.com
chaskins@bskplc.com


Brian G. Cesaratto, Esq. (*pro hac vice*)
Alexander J. Franchilli, Esq. (*pro hac vice*)
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, NY 10022
bcesaratto@ebglaw.com
afranchilli@ebglaaw.com


***Counsel for Defendants, Fort Sanders Regional Medical Center and Covenant Health, Inc.***

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| JANE DOE, Individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:24-cv-00082 |
| FORT SANDERS REGIONAL MEDICAL CENTER and COVENANT HEALTH, INC. | ) ) ) ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

   The undersigned hereby acknowledges that they have read the Stipulated Protective Order, dated _____ in the above captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of this Court in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate them to use materials designated as Protected Material in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any other person, firm or concern.

   The undersigned acknowledges that violation of the Stipulated Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

        _____

Date:_____   _____

                      Signature